(No. 4588—

CHARLES BARON, INC., AN ILLINOIS CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 11, 1955.*
*Supplemental Opinion filed February 25, 1955.*

ARVEY, HODES AND MANTYNBAND, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; MARION G. TIERNAN, Assistant Attorney General, for Respondent.

WHAM, J.

In the complaint filed on behalf of claimant, Charles Baron, Inc., it is alleged that at various and sundry

times, namely, on August 23, 1951, December 15, 1951, and May 19, 1952, claimant, at the special instance and request of respondent's agent, the Department of Revenue, performed services and furnished materials to respondent; and that such materials and services so performed consisted of repairs and servicing of automobiles owned and operated by the State of Illinois, Department of Revenue. Attached to the complaint are the following exhibits:

EXHIBIT A — Copy of invoice No. 19715 from claimant directed to the State of Illinois, Department of Revenue, 160 North LaSalle Street, Chicago, Illinois, dated August 23, 1951, apparently representing repair order for servicing an automobile bearing license No. 292-205. The invoice reflects a charge for such services in the amount of $12.58.

EXHIBIT B — Copy of Invoice No. 24679 from claimant directed to the State of Illinois, Department of Revenue, dated August 29, 1951, apparently representing a repair order for the purchase and installation of seat covers and small adjustments to a 1951 Ford automobile, license No. 292-208. The invoice reflects a charge for such services and materials in the amount of $31.20, and further reflects that they were received by one T. J. Brennon.

EXHIBIT C — A copy of invoice No. 28360 from claimant directed to the State of Illinois, 160 North LaSalle Street, Chicago, Illinois, said invoice reflecting the purchase and installation of a set of skid chains upon a 1951 automobile of an unnamed make, bearing license No. M 10484, said services and materials being apparently receipted for by one I. Weil. The invoice reflects a charge of $11.50.

EXHIBIT D — Copy of invoice No. 36223 from claimant directed to the State of Illinois, 160 North LaSalle Street, Chicago, Illinois, dated May 19, 1952, which invoice was apparently an order for repairs to a 1951 Chevrolet automobile, bearing license No. M 12030. The invoice reflected a charge of $78.15 for such repairs. Exhibit D also includes a second invoice for additional repairs to the said 1951 Chevrolet automobile in the sum of $273.28.

Claimant also attaches to the complaint as exhibit E a photostatic copy of a letter, dated October 19, 1953, upon office stationery of the Department of Revenue, signed "Richard J. Lyons", advising that the above referred to invoices were being returned due to the fact that the expenditures were incurred prior to June 30, 1953, and were submitted too late for payment from the appropriations for the 67th biennium. It further suggested that claimant file a claim in the Court of Claims, and stated that the writer of the letter felt that such claim would be given favorable consideration.

The complaint further alleged that on various occasions prior to June 30, 1953 invoices were submitted by claimant to the Department of Revenue promptly after the rendering of the services referred to in said invoices. The complaint prays judgment in the amount of $406.41, representing the total amount allegedly due claimant by respondent for the services rendered and materials furnished, as shown by the exhibits referred to above.

Upon motion of respondent, so much of claimant's complaint as was based upon invoices Nos. 19715 and 24679, being exhibits A and B, respectively, referred to above, was stricken by order of this Court, dated September 24, 1954, thus leaving a total amount involved

herein of $362.93, as reflected by exhibits C and D referred to above.

Respondent failed to file an answer to the complaint, and, therefore, Rule 11 of this Court is applicable. It is, therefore, considered that a general denial of the facts set forth in the complaint is hereby filed.

Claimant and respondent on October 26, 1954 entered into and filed a stipulation in this cause, which stipulation provided that the Court may proceed to dispose of the case upon the record, which consists of pleadings, Departmental Report, and the Supplemental Departmental Report filed herein. The stipulation further agreed as follows:

"That claimant's exhibit C, work order No. 28360, in the total amount of $11.50, was authorized by I. Weil, whose signature is approved as a Department employee in paragraph 2 of respondent's Supplemental Departmental Report; and

That claimant's exhibit D, work orders Nos. 36223 and 36222, in the total amount of $351.43, constitute charges for repair work on vehicle bearing license No. M 12030, which number was assigned to the Department of Revenue according to information set forth in paragraph 6 of respondent's Departmental Report."

The stipulation further provided that the matters and things contained therein were intended solely as "a stipulation of the facts, or some of them" relating to the claim involved herein, and that said stipulation was executed "for the purpose of avoiding the necessity of taking evidence with reference to such facts". The stipulation further provided that if through inadvertence, or otherwise, conclusions were included therein, they were not intended to be binding, either on the parties or on the Court.

As stated in the stipulation referred to above, the only other facts contained in the record before the Court are those contained in the Departmental and Supple-

mental Departmental Reports filed on behalf of respondent.

The only relevant and material facts appearing from the Departmental and Supplemental Departmental Reports not contained in the stipulation are these:

1. License No. M 10484, appearing upon claimant's exhibit C, was assigned to the Department of Revenue.

2. Mr. C. V. Buckley, Executive Assistant in the Chicago office of the Department of Revenue, had authority to authorize repair work on automobiles assigned to the Department.

3. It was customary for the office of the Department of Revenue to issue a written authorization for such repairs. However, in many instances Mr. Buckley made these approvals verbally.

4. Mr. C. V. Buckley left state service on February 7, 1953, and did not prior thereto present the invoices to the general office of the Department of Revenue for payment.

5. The original invoices might have been submitted to the Chicago office or to the employee operating the automobile. However, they were not filed by the Chicago office with the general office at Springfield, and approved for payment.

6. The invoices, which were submitted by claimant showing an unpaid balance as of June 30, 1953, were returned to claimant on October 19, 1953, for the reason that said invoices were incomplete in certain particulars, including the fact that there was no signature on the work order indicating who had authorized the repairs, or information sufficient to identify the automobiles as belonging to the Department.

It is noted that the invoices marked exhibit D, which indicate a considerable amount of repair to one of the vehicles involved, do not bear the signature of anyone purporting to represent the State of Illinois or the Department of Revenue. The type of repairs shown thereon indicate that this particular vehicle had been involved in an accident.

In order for claimant to establish a claim against respondent, it is essential for the facts to show that services were performed, and materials furnished upon authority of someone duly authorized to make such a purchase; or it must appear without question that the services and materials were actually received by the Department of Revenue, and were purchased in the regular and legal course of its operations. *Butler Brothers, A Corporation,* vs. *State of Illinois,* 9 C.C.R. 243.

The Court realizes that the expense involved in presenting evidence on small claims is sometimes out of proportion to the amount involved, but, nevertheless, we must be furnished with a record containing sufficient evidence or stipulated facts to prove an amount owing by the State of Illinois before a claim will be allowed. We cannot apply one rule in cases involving small claims, and another rule in cases involving large claims.

The record in this case contains no evidence that the services were performed on a state automobile upon proper authorization in the regular and legal course of the Department's operation, nor does the record before us establish that the services or materials were furnished to and performed upon an automobile owned by the state. The only evidence as to the identity of the automobiles consists of an acknowledgment by respondent

that the license numbers noted on exhibits C and D were assigned to the Department.

In the absence of any evidence or further stipulation of facts, this claim cannot be allowed. In the event further evidence or stipulated facts is made available to the Court by either claimant or respondent within thirty days of this date, the Court will consider such evidence or stipulated facts, in addition to the record as it now stands. If no further evidence or stipulated facts is presented, this claim will be denied.

### SUPPLEMENTAL OPINION.

This cause comes on for further hearing upon the joint motion of claimant and respondent that this Court consider the additional facts and stipulation of the parties, said facts and stipulation being submitted concurrently with the motion, and within the time allowed by our opinion rendered on January 11, 1955.

The stipulation and additional facts presented by the parties are as follows:

"STIPULATION

It is hereby stipulated by and between claimant, Charles Baron, Inc., An Illinois Corporation, by Arvey, Hodes and Mantynband, its attorneys, and the respondent, State of Illinois, by Latham Castle, Attorney General of the State of Illinois, its attorney:

1. That the affidavit of Richard J. Lyons, Director of Revenue of the State of Illinois, attached hereto, marked exhibit A and made a part hereof, be included in the record in this case.

2. That this case be reconsidered taking into consideration the additional evidence presented herewith, in accordance with the opinion of this Court, dated January 11, 1955, which provides that: 'In the event further evidence or stipulated facts is made available to the Court by either claimant or repondent within 30 days of this date, the Court will consider such evidence or stipulated facts in addition to the record as it now stands.' "

"AFFIDAVIT

I, Richard J. Lyons, being first duly sworn on oath depose and say as follows:

1. I am the Director of the Department of Revenue of the State of Illinois.

2. Upon being informed of the opinion of the Court of Claims of the State of Illinois in the case of *Charles Baron, Inc.* vs. *State of Illinois,* No. 4588, filed January 11, 1955, I endeavored to make a further study and investigation of the facts therein presented. As a result of the investigation, I have determined the following:

 (a) That with respect to exhibit C, invoice No. 28360, the services and materials therein stated were actually received by the Department of Revenue, and were purchased in the regular and legal course of its operations, and were performed upon an automobile owned by the State of Illinois, issued to the Department of Revenue, and assigned to one of its investigators.

 (b) With respect to exhibit D, invoice Nos. 36222 and 36223, the services and materials therein stated were actually received by the Department of Revenue, and were purchased in the regular and legal course of its operations, and were performed upon an automobile, owned by the State of Illinois, issued to the Department of Revenue, and assigned to one of its investigators. The charges therein contained were performed as a result of an accident incurred by the assigned investigator in the course of his employment. An accident report, located in the files of the Department, substantiates this fact.

 (c) The records of this Department further reveal that the said invoices marked exhibits C and D were presented for payment to the Chicago office of the Department, and were approved and forwarded for payment to the Springfield office, where a clerical error resulted in non-payment.

3. I hereby certify that the above facts are true."

The above additional facts and stipulation are admitted at this time by an exercise of the discretionary powers of the Court. By the exercise of our discretion in this matter, we do not intend to set a precedent for this procedure. From the record, as it now stands, claimant is entitled to recover from respondent the total sum of $362.93, and the claim for that amount is hereby allowed.